CHRISTIE HAIGH and others *v.* GEORGE HAIGH.

An alien (prior to the passage of Chapter 709 of the Statutes) had no inheritable blood, and no trust in real estate could be raised in his favor, to be enforced by a court of equity. Although an alien might, had a conveyance of real estate been made to him, have held it until office found, the estate could not pass by descent from him, he having no inheritable blood. By force of the statute, (R. S. Chap. 160,) the estate passed to the town in which the said estate was situated, to be taken possession of by the town treasurer, and held until a party appeared to claim the same.

G. H., a citizen, agreed to buy and bought, a lot of land for J. W. H., an alien. J. W. H. furnished the money, entered into possession and died, leaving a widow and infant son. He remained an alien up to the time of his death. Upon the filing of a bill in equity to compel a conveyance of said estate by G. H. to the infant son of J. W. H., as his heir at law, *held,* that the infant son of J. W. H. had no claim to a decree of the court to direct a conveyance to him, neither could G. H. be compelled to convey it for the benefit of the administrator, to enable him to pay out of the estate the debts of the deceased.

The Statute 11th & 12th Wm. III., Chap. 6, held inapplicable to the present case. Upon the death of an alien, his estate *ipso facto* escheats, he having no inheritable blood by which it can be transmitted.

It is a rule of construction, that a statute, unless it appears distinctly that it is intended to operate on a case already pending, does not operate upon any such case. Therefore, Chap. 709 of the Statutes, which provides that if an alien die thereafter, his estate shall be transmitted to his heirs, held not to affect the case at bar, the bill having been filed before the passage of the Act.

BILL in equity, brought by the complainants, who were, respectively, the widow, the infant son sueing by his next friend, and the administrator of John William Haigh deceased, to compel the respondent to convey to the said infant son of John W. Haigh a lot of land alleged to have been purchased by the said respondent for said John W. Haigh in his lifetime, the purchase money having been furnished by him.

The case is sufficiently stated in the opinion of the court, to explain the pleadings and the points of law ruled in it.

*John Eddy, for the complainants,* cited the Colonial Statutes of Rhode Island, 1653, pp. 45, 71, 97 ; 1663, p. 45 ; 1667, p. 56 ; 1749, p. 71, and 1767, p. 56 ; Revised Statutes, Chap. 159 and Chap. 245, § 3; Stat. 11 and 12 Wm. III., Chap. 6; U. S. Digest, Vol. 1, Title " Alien," §§ 33, 65 and 95, and cases there

cited, and *Escheator* v. *Smith*, 4 McCord, 452, and *McCreery* v. *Somerville*, 9 Wheaton, 354, to sustain the following points :—

I. The doctrine of escheat, which the defendant seeks to lay down in this case, has ever been unpopular with the judiciary and people of the United States, and the State of Rhode Island has not followed the English precedents on this subject. The law, as contended for by the defendant, has never been the law in Rhode Island.

II. The real and personal estate of an alien friend descends to his children, if they are born in Rhode Island and resident therein, and although, at common law, no person can be an heir unless he is a natural born citizen, or has been naturalized, yet, in the case at bar, the heir is a natural born citizen, and by that means made capable of inheriting.

III. The title of an alien friend to land purchased is good against everybody but the State, and his rights vest in his representatives, and can only be divested by office found, or by some act done by the State to acquire possession.

*Gerald and Bliss for the respondent :—*

This court will not entertain a bill filed to enforce a resulting trust by an alien, or by persons claiming under an alien. The law applicable to this case is distinctly stated by Judge Story in the 2d Vol. of his Equity Jurisprudence, § 1201, b. ; also by Chancellor Walworth in *Leggett* v. *Dubois*, 5 Paige's Ch. 117. William Haigh having died an alien could not transmit to these complainants title to real estate or any interest therein. *Leggett* v. *Dubois*, 5 Paige's Ch. 117, note 1.

BRAYTON, C. J. The plaintiffs in this bill allege, that it was agreed between the defendant, George Haigh, and his son, John William Haigh, in his lifetime, that he, the defendant, should purchase the lot of land in question for the said John W. Haigh, the deed thereof to be taken in the name of the defendant, the purchase money to be furnished by the said John. That said purchase was made in pursuance of said agreement, the deed made to the defendant, and the consideration paid by the said John. That the said John was permitted to enter into possession, occupy, and improve the said premises, and so continued

until the time of his death in 1863.    At his death he left a widow, Christie Haigh, and an only son, an infant of the age of four years.    The widow and the son are plaintiffs in this bill. The other plaintiff, Eddy, is the administrator on the estate of the said John W. Haigh, duly appointed.    The plaintiffs also allege, that they have demanded the conveyance to be made by the defendant to the said infant, and the defendant has refused so to convey, and that the estate is necessary for the payment of the just debts of the said John W. Haigh deceased.

It appears from the answer and evidence in the cause, that the said John W. Haigh was born without the United States, was never naturalized, and remained an alien at the time of his death.

The bill prays that the defendant may be decreed to convey the said estate to the said infant, as heir at law to the plaintiff, the said John W. Haigh deceased, as the *cestui que trust* under the agreement for the purchase of the estate by his ancestor.

The defence set up against the prayer of the bill is, that the said John W. Haigh, having been at the time of the purchase, and of his death, an alien, there could be no *resulting* trust in his favor while he lived, and though a trust results in favor of a subject, whether natural born or naturalized, where the consideration is paid by him, though the deed be in the name of another for him, the rule does not apply to an alien.

In Story's Equity Jurisprudence, § 1201, b., it is said, that a court of equity would not raise a trust in favor of an alien paying money under such circumstances, in fraud of the rights of the State or the law of the land.    This is supported by the case of *Legett* v. *Dubois*, 5 Paige, Ch. 117.    In this case the Chancellor says, " Where an alien purchases land, and takes an absolute conveyance in the name of a citizen, without any agreement or declaration of a trust, the law will not raise a trust in favor of the alien purchaser who cannot hold the land, any more than it would cast it by descent upon an alien heir, who cannot hold it against the State," and refers to and adopts the language of the court in 3 Leigh's Rep. 514, in *Hubbard* v. *Goodwin*, in a similar case.    This is such a trust as, upon the well received princi-

ples of equity, as well as upon authority, will pass to the State to be enforced at its instance and in its favor.

Had John W. Haigh survived, no trust could have been raised in his favor, to be enforced by the court.

The bill asks a decree to compel a conveyance, not to John W. Haigh, but to the infant son as heir at law, and assumes that the son of an alien could succeed by inheritance to his estate. Had the conveyance been to the father, he might, under the authorities, have held till office found, and might convey a disposable interest to be divested upon office found. It could not, however, pass by descent from him, he having no inheritable blood. By his death, it is said, the sovereign is seized without office found. *Fairfax's Devisee* v. *Hunter's Lessee*, 7 Cranch. 621.

Upon the death of the alien, the estate *ipso facto* escheats, and by the common law vests in the sovereign, in England, and in the State, in this country, where there is no statute provision directing otherwise.

In this State, instead of vesting in the State, it is provided by statute, that whenever any person die without heirs, his estate shall pass to the heirs and be taken possession of by the town treasurer of the town in which his estate may be, until an heir appears to claim the same. *Attorney General* v. *City of Providence.* 8 R. I. 8. The infant plaintiff, then, having no right to inherit, and having no other title or claim to the premises, has no claim to a decree of this court to direct the conveyance to him, and the court cannot cast upon him what he has not the right to hold. This can neither be done for the benefit of the infant plaintiff, nor can it be for the benefit of the administrator, to enable him to pay out of the estate the debts owing by the deceased alien. The estate vests elsewhere, and the administration for the payment of debts is placed in other hands. The 1st section of chapter 160 of the Revised Statutes provides, that " when any person shall die leaving any real or personal estate within this state, and shall leave no known heir or legal representative within the United States to claim the same," the town treasurer may take the same into his possession, for the use of such town ; and section 2d provides that the estate so taken into

possession, "shall be subject and liable to the payment of the debts of the deceased to whom it belonged ; and such town shall be holden to pay the same, to the amount of the value of the estate received." We have been referred to the Statute of 11 and 12 Wm. III. Chap. 6, to show that an estate might pass by descent from John W. Haigh. It provides that all persons, natural born, may inherit from any other ancestors, lineal or collateral, though their father or mother, or their ancestor *through* whom they derive their pedigree, may be an alien. The Statute has no application to the case before us. It applies only to a descent from a citizen to a citizen through an alien, and the statute has provided that in such a case, the alienage of the person through whom the pedigree is to be derived, who of course takes nothing, being deceased, shall not prevent the descent to the citizen.

The statute was declared to be in force in Massachusetts, yet the court held that upon the death of an alien his estate, *ipso facto*, escheated, he having no inheritable blood by which the estate could be transmitted.

It is suggested that a late statute in this State has provided, that estates may descend to, and be inherited from, an alien, and that, therefore, the infant plaintiff in the bill has become entitled to take from the deceased John W. Haigh. The statute has been passed since the filing of this bill, and does not provide that it shall retroact upon this case.

Section 16 of chapter 6 of the Revised Statutes, " Of the Construction of Statutes," indicates a different rule, and that, unless it expressly appears, a statute shall not affect any act done or any right accrued, acquired or established, or any suit or proceeding had or commenced in any civil case, before the time it shall take effect.

The statute was intended to affect cases only which should thereafter arise upon the death of aliens, and not the case where the estate had already passed according to the provisions of the law then existing. It gives no aid, therefore, to the plaintiff in this bill, and the bill must be dismissed.

*Bill dismissed.*